IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRYCE EDWARD HANSEN,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-3065-L-BH** |
| | § | Criminal No. 3:16-CR-287-L-1 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

On November 4, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court deny with prejudice Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2) and dismiss his habeas claims. With respect to the claim that trial counsel rendered ineffective assistance by providing erroneous pre-plea advice, the magistrate judge determined that Petitioner failed to satisfy *Strickland v. Washington*, 466 U.S. 668 (1984), and, in particular, the requirement that resulting prejudice be shown.

Regarding the claim that counsel's alleged ineffective assistance rendered his guilty pleas unknowing and involuntary, the magistrate judge explained that, even assuming as alleged that counsel misrepresented or miscalculated his sentencing exposure, "'an erroneous estimate by counsel as to the length of sentence' does not necessarily render a guilty plea involuntary." Report 14 (quoting *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981); and (citing *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002)). In applying applicable law to the facts of this case, the magistrate judge determined that Petitioner was not entitled to relief on this claim because he "failed to overcome the presumption of verity given to his sworn statements in open court, and the

**Order – Page 1**

great evidentiary weight accorded to court records." Report 15. He also failed "show[] that his guilty pleas were involuntary or that he was unaware of the consequences of pleading guilty." *Id.* at 16. Finally, the magistrate judge determined that Petitioner was not entitled to an evidentiary hearing on these claims because he failed to demonstrate the existence of a factual dispute and, although he submitted a declaration, he did not meet the criteria for a hearing as set forth in *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), including the requirement that the movant produce an independent indicia of the merit of the allegations of any alleged promises, typically by way of affidavits from reliable third parties. Report 11 n.5 & 16.

Petitioner, who is represented by counsel, filed objections to the Report on November 14, 2022 (Doc. 9). Specifically, Petitioner objects to the conclusion that he failed to overcome the presumption of verity normally given to sworn statements in open court, particularly in light of the sworn declaration that he filed in support of his section 2255 motion. In addition, he objects to the conclusion that an evidentiary hearing is unwarranted.

Having considered Petitioner's habeas corpus petition, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections; **denies** his habeas petition (Doc. 1); and **dismisses with prejudice** this action and all claims asserted by him.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 22nd day of December, 2022.

Sam A. Lindsay
United States District Judge

---

(a)     Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b)     Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**